**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CRAIG ALFORD,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN ELLIS,**<br><br>**Respondent.** | **Civil Action Nos. 15-6998 (PGS)**<br>**15-7145 (PGS)**<br><br>**MEMORANDUM OPINION** |

IT APPEARING THAT:

1. Petitioner Craig Alford ("Petitioner"), a prisoner currently confined at Mercer County Jail in Trenton, New Jersey, has submitted two Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Civil Action No. 15-6998, ECF No. 1; Civil Action No. 15-7145, ECF No. 1.) In both Petitions, he identifies the challenged judgment of conviction as a 1998 Pennsylvania state conviction for possession with intent to distribute; aggravated assault; and reckless endangerment. (Pets. ¶¶ 2, 5.)

2. In Ground One of his Petition in Civil Action No. 15-6998, Petitioner alleges that the staff at Bo Robinson, a halfway house in Trenton, New Jersey, placed him in a parolee program but then prevented him from completing said program as retaliation for a complaints he made about the facility. (Pet. ¶ 12, Ground 1.) However, this ground for relief has absolutely no relation to his current incarceration or the 1998 Pennsylvania state court conviction that he purports

to challenge. In fact, it does not appear that this ground attacks any judgment of conviction or parole board decision. Habeas relief will therefore be denied on this ground.

3. In Ground Two of his Petition in Civil Action No. 15-6998, Petitioner argues that he maxed out his Pennsylvania state court sentence on January 15, 2015 and therefore when Pennsylvania recently revoked his parole based on a New Jersey disorderly person summons, it violated his rights. (Pet. ¶ 12, Ground Two.)

4. The facts alleged, and the relief Petitioner is seeking in this ground, are not entirely clear to the Court. To the extent Petitioner is challenging a revocation of parole by the Pennsylvania Parole Board on his 1998 Pennsylvania state court conviction, Petitioner must exhaust his claims in Pennsylvania state court and then file a federal habeas petition in the appropriate Pennsylvania district court. *See* 28 U.S.C. § 2241(d).

5. To the extent Petitioner is challenging a New Jersey state conviction or some action by the New Jersey Parole Board, he must clearly identify such judgment of conviction or parole board action. Moreover, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective ...." 28 U.S.C. § 2254(b)(1). *See also Rose v. Lundy*, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their

claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

New Jersey state law provides administrative and judicial review processes applicable to claims regarding parole revocation. Specifically, any denial of parole by an Adult Panel is appealable to the Parole Board, provided certain conditions are met. N.J. Admin. Code Title 10 Sec. 71–4.2. New Jersey law further provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5, para. 4; *Trantino v. New Jersey State Parole Bd.*, 764 A.2d 940, 976 (N.J. 2001) modified on other grounds, 772 A.2d 926 (N.J. 2001), and under the New Jersey Court Rules, Pressler, Current New Jersey Court Rules, Rule 2:2-3(a)(2). This exclusive procedure encompasses appeals from "inaction as well as action of a State administrative agency." *Trantino v. New Jersey State Parole Bd.*, 687 A.2d 274, 287 (N.J. Super. Ct. App. Div. 1997) *aff'd and modified*, 711 A.2d 260 (1998); *Johnson v. New Jersey State Parole Bd.*, 330 A.2d 616, 618 (N.J. Super. Ct. App. Div. 1974); *see also Petrucelli v. Dep't of Civil Serv.*, 101 A.2d 363, 364 (N.J. Super. Ct. App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause appropriately before the [agency].").

6. Here, Petitioner has specifically stated that he has not exhausted this claim in state court. As such, the Court will dismiss the Petition without prejudice as unexhausted.[1]

---

[1] The sole ground raised in the Petition in Civil Action No. 15-7145 alleges that the New Jersey

7. Because the Petitions makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. An appropriate order follows.[2]

Dated: 10/30/15

Peter G. Sheridan, U.S.D.J.

---

Parole Board failed to provide Petitioner with a probable cause hearing on his parole violation within 14 days of parole revocation. (Pet. ¶ 12, Ground One.) It is unclear why Petitioner filed a separate habeas petition to raise this issue, but, regardless, he specifically states that this ground has not been exhausted in state court. Therefore, it will also be dismissed without prejudice as unexhausted.

[2] Petitioner's motions for an "emergent hearing" and various other relief (Civil Action No. 15-6998, ECF Nos. 4-9; Civil Action No. 15-7145, ECF Nos. 3-5) are likewise denied as moot.