**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG ALFORD, | : | |
| | : | Civil Action Nos.   15-6998 (PGS) |
| Petitioner, | : | 15-7145 (PGS) |
| v. | : | |
| | : | MEMORANDUM OPINION |
| WARDEN ELLIS, | : | |
| Respondent. | : | |

It appearing that:

1. Petitioner Craig Alford ("Petitioner") previously submitted two Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Civil Action No. 15-6998, ECF No. 1; Civil Action No. 15-7145, ECF No. 1.) In both Petitions, he identifies the challenged judgment of conviction as a 1998 Pennsylvania state conviction for possession with intent to distribute; aggravated assault; and reckless endangerment. (Pets. ¶¶ 2, 5.)

2. In an October 30, 2015 Opinion and Order, the Court informed Petitioner that the facts alleged, and the relief Petitioner is seeking, were not entirely clear to the Court. To the extent Petitioner was challenging a revocation of parole by the Pennsylvania Parole Board on his 1998 Pennsylvania state court conviction, the Court informed Petitioner that he must exhaust his claims in Pennsylvania state court and then file a federal habeas petition in the appropriate Pennsylvania district court. *See* 28 U.S.C. § 2241(d). To the extent Petitioner was challenging a New Jersey state conviction or some action by the New Jersey Parole Board, he must clearly identify such judgment of conviction or parole board action. The Court further informed Petitioner that it

appeared that any challenge to a conviction or New Jersey Parole Board decision was unexhausted. As such, the Court dismissed the Petition without prejudice.

3. Thereafter, Petition filed a "Reconsideration or/Motion to 'Stay' Writ of Habeas Corpus.'" (Civil Action No. 15-6998, ECF No. 15; Civil Action No. 15-7145, ECF No. 11) Specifically, Petitioner is seeking to have the Court stay his § 2254 Petition while he exhausts his claims in state court.[1] That request is denied.

4. Section 2254 provides that a writ "shall not be granted" unless (1) "the applicant has exhausted the remedies available in the courts of the State..." 28 U.S.C. § 2254(b)(1)(A). As discussed by the Court in its previous Opinion, and as conceded by Petitioner in his Motion, all of the grounds in the instant Petition are unexhausted.

5. When faced with a petition which contains an unexhausted claim, a district court has four options: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. § 2254(b)(2). *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011); *Mahoney v. Bostel*, 366 F. App'x 368 371 (3d Cir. 2010); *Urcinoli v. Cathel*, 546 F.3d 269, 276 (3d Cir. 2008).

6. Here, the stay and abeyance requested by Petitioner is not appropriate because it does not appear that Petitioner will have a statute of limitations problem when he files new § 2254

---

[1] Petitioner also alleges that the New Jersey Parole Board no longer has jurisdiction over him because he is a Pennsylvania parolee, however, if that is the case, it is unclear as to why Petitioner filed his habeas petition with this Court. He also argues that there are no state court remedies for the relief he is seeking, but as previously explained to Petitioner, there are appeal rights available for New Jersey Parole Board decisions. (*See* October 30th Opinion ¶ 5.)

petitions after exhausting his federal claims. *See Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue, 28 U.S.C. § 2244(d)(1), a District Court has the discretion to stay a ... habeas petition to allow complete exhaustion in state court"). As stated in the Court's previous Opinion, it is not entirely clear to the Court which New Jersey Parole Board decision Petitioner is even challenging. Nevertheless, it appears that any decision was relatively recent and a substantial portion, if not all, of Petitioner's one year statute of limitations remains intact.[2] *See* 28 U.S.C. § 2244 ("[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

7. With regard to the other options potentially available when courts are faced with unexhausted claims, the Court is unable to allow Petitioner to delete the unexhausted claims and to proceed on the exhausted claims because his § 2254 Petition presents only unexhausted claims. Moreover, at this early stage and with such limited information, the Court is unwilling to find that Petitioner's claims are plainly without merit and deny the unexhausted claims on the merits. *See*

---

[2] To the extent the Court is mistaken about this conclusion, Petitioner shall so advise the Court and the Court will reconsider the issue. However, the Court notes that even if Petitioner did have a timeliness issue, he has failed to established good cause for his failure to exhaust; that his unexhausted claims are potentially meritorious; and an absence of intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78 (citations omitted) ("stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless").

3

*Rhines*, 544 U.S. at 277; *Carracosa v. McGuire*, 520 F.3d 249, 255 n. 10 (3d Cir. 2008); *Lambert*, 387 F.3d 210, 260 n. 42 (3d Cir. 2004); *Gattis v. Snyder*, 278 F.3d 222, 237–38 (3d Cir. 2002).

8. Therefore, as the Court previously found in its October Opinion and Order, dismissal of the Petition without prejudice is warranted in this case because "dismissal of the entire petition would [not] unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278. Petitioner's request for a stay/reconsideration is denied and the Petition remains dismissed. The dismissal is without prejudice to Petitioner's filing a new § 2254 petition, subject to the 365–day statute of limitations, after he exhausts his federal ground in all three levels of the New Jersey courts.

9. This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

10. An appropriate order follows.

Dated:

                                                /s/ Peter M Sheridan
                                                Peter G. Sheridan, U.S.D.J.